IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA BARRIENTOS,              )<br>                                                       )<br>          Plaintiff,                         )<br>                                                       )<br>                                                       )<br>     vs.                                           )<br>                                                       )<br>LAND O' LAKES,                           )<br>                                                       )<br>                                                       )<br>          Defendant.                      )<br>_____ ) | 1:09cv01340 LJO DLB<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO COMPEL DEPOSITION OF<br>PLAINTIFF CYNTHIA BARRIENTOS<br>(Document 25) |

   Defendant Land O' Lakes ("Defendant") filed the instant motion to compel the deposition of Plaintiff Cynthia Barrientos and for sanctions on March 8, 2010.  The motion was heard before the Honorable Dennis L. Beck, United States Magistrate Judge, on March 26, 2010.  Steven Crass appeared on behalf of Defendant.  Plaintiff Cynthia Barrientos ("Plaintiff") appeared pro se.

**BACKGROUND**

   Plaintiff filed the underlying disability discrimination and wrongful termination action in Tulare County Superior Court on April 27, 2009.  On July 29, 2009, Defendant removed the action to this Court on the basis of diversity jurisdiction.

   On October 16, 2009, the Court entered a Scheduling Order, setting the non-expert discovery deadline as February 15, 2010, the expert discovery deadline as June 8, 2010, the non-dispositive

1

motion deadline as March 15, 2010, and the dispositive motion deadline as February 16, 2010.  Trial is scheduled for July 26, 2010.

On February 15, 2010, the parties participated in mediation.  Although Defendant agreed to Plaintiff's settlement terms, Plaintiff withdrew from mediation, refused to sign a settlement agreement and refused to the accept the terms of the settlement she proposed.

On February 16, 2010, Plaintiff filed an *ex parte* motion for an extension of time and extension of discovery deadlines.  The Court granted the motion, giving Plaintiff an additional twenty (20) days to provide discovery responses.  However, the Court denied Plaintiff's request to extend the dates in the Scheduling Order.

On February 19, 2010, Plaintiff and her counsel filed a substitution of attorney form.  Plaintiff requested that the Court approve her substitution pro per in place of her counsel.  Subsequently, Plaintiff's counsel filed a motion to withdraw as attorney of record.  On March 2, 2010, the Court granted counsel's motion to withdraw.  The Order substituted Plaintiff in as counsel pro se.

On March 8, 2010, Defendant filed the instant motion to compel Plaintiff to attend her videotaped deposition.  Plaintiff reportedly failed to attend her deposition on March 4, 2010.

As Plaintiff failed to appear for deposition, no joint statement was required, but any response was due at least 7 days before the hearing.  Local Rule 251(e).  Plaintiff did not file a response.

**DISCUSSION**

A.   Motion to Compel Discovery

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosure or discovery.  Fed. R. Civ. P. 37(a)(1).  Rule 37 also authorizes a court, on motion, to order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. P. 37(d)(1)(A)(i).

On February 16, 2010, Defense counsel noticed Plaintiff's deposition for March 2, 2010.  Declaration of Jason H. Borchers ("Borchers Dec.") ¶ 2 and Exhibit A.  On February 17, 2010, an amended notice set the deposition for March 4, 2010.  Borchers Dec. ¶ 3 and Exhibit B.  The timing

of the deposition was based on conversations with Plaintiff's former counsel. At some point, counsel for the parties stipulated to hold off on deposition until after mediation. Borchers Dec. ¶ 4.

On March 3, 2010, Plaintiff reportedly left a message for defense counsel indicating that she would not be attending the deposition because she did not have legal representation. She did not provide alternative dates or state when she would be retaining counsel. Borchers Dec. ¶ 5.

As Plaintiff failed to appear for her deposition, the motion to compel is GRANTED. Plaintiff SHALL APPEAR for her videotaped deposition on April 9, 2010 at 9:00 a.m. at the location set forth in the notice of deposition.

B.   Sanctions

Defendant requests that the Court order Plaintiff to pay reasonable attorney fees. If the motion to compel is granted, the Court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). The Court must not order payment if, among other things, circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). In this instance, the Court declines to award expenses because Plaintiff is proceeding pro se in this matter and she has agreed to attend her deposition.

**CONCLUSION**

Based on the above, Defendant's Motion to Compel Deposition of Plaintiff Cynthia Barrientos is GRANTED. Plaintiff SHALL APPEAR for her videotaped deposition on April 9, 2010 at 9:00 a.m. at the location set forth in the notice of deposition to be issued by Defendant.

Additionally, Defendant's motion for the imposition of sanctions is DENIED.

IT IS SO ORDERED.

Dated:   **April 1, 2010**               /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

3